

**SO ORDERED.**

**SIGNED this 01 day of October, 2008.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 08-30290-JDW |
| SCOTTY ALLEN CHAMBERS, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| CML DOORS, INC. d/b/a DOORS | ) | ADVERSARY PROCEEDING |
| BY MIKE, | ) | NO. 08-3008 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| SCOTTY ALLEN CHAMBERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:       Chad K. Reed
                      701 Whitlock Avenue, S.W.
                      Suite K-47
                      Marietta, Georgia 30064

For Defendant:     Lee P. Morgan
                      Post Office Box 48359
                      Athens, Georgia 30604

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's motion for summary judgment on its complaint to determine the dischargeability of a debt. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

The material facts in this case are undisputed. Defendant-Debtor, Scotty Chambers was the president and sole shareholder of South Carriage Homes, Inc. Plaintiff CML Doors provided goods and services to South Carriage Homes under an open account agreement. The goods were used by South Carriage Homes during the course of its business improving real property in Walton County, Georgia. On December 21, 2007, Defendant executed a corporate owner's affidavit, providing that all outstanding bills for labor, materials, or services had been paid in full or waived in writing by the provider. At the time Defendant executed the affidavit, South Carriage Homes owed Plaintiff $5,479.75 for labor and materials, and the Walton County property was subject to Plaintiff's materialman's lien.[1]

After Defendant initiated a Chapter 7 case, Plaintiff filed a complaint pursuant to 11 U.S.C. § 523(a)(4) and (a)(6) to determine the dischargeability of its debt. Its motion for summary judgment is limited to the § 523(a)(4) claim. After considering the undisputed facts and the legal briefs filed by the parties, the Court will deny the motion for summary judgment.

---

[1] The parties dispute whether the owner's affidavit signed by Defendant served to terminate the materialman's lien by operation of law.

**Conclusions of Law**

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000). The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Burton v. Tampa Housing Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

Plaintiff alleges its debt is nondischargeable due to Debtor's fraud pursuant to 11 U.S.C. § 523(a)(4), which provides a Chapter 7 discharge cannot discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." For Plaintiff to prevail on this summary judgment motion, it must establish (1) the existence of a fiduciary relationship with Defendant, and (2) conduct by Defendant rising to the level of fraud during the performance of his fiduciary duties. Eavenson v. Ramey, 243 B.R. 160, 164 (N.D. Ga. 1999).

Plaintiff has argued that, as its president and sole shareholder, Defendant is liable for any fiduciary fraud committed by South Carriage Homes. However, Plaintiff has offered no facts to demonstrate the existence of a fiduciary relationship between South Carriage Homes (or Defendant) and Plaintiff.

For purposes of § 523(a)(4), a fiduciary relationship is narrowly construed to arise from a

"technical" trust. Quaif v. Johnson, 4 F.3d 950, 953 (11th Cir. 1993). Such a trust must be an express trust, which may be created voluntarily by contract or may be created by a statue that imposes fiduciary obligations. Id. at 953-54. The trust must arise prior to the fraudulent act. Guerra v. Fernandez-Rocha (In re Fernandez-Rocha), 451 F.3d 813, 816 (11th Cir. 2006). Consequently, involuntary trusts, such as constructive and resulting trusts do not satisfy § 523(a)(4). Id., Quaif, 4 F.3d at 953.

Based on the uncontested facts, South Carriage Homes and Plaintiff had an ordinary business relationship. Plaintiff agreed to provide goods and services on credit, and South Carriage Homes agreed to repay the debt. Such a creditor-debtor relationship is not fiduciary in nature. Bennett v. Wright (In re Wright), 282 B.R. 510, 516 (Bankr. M.D. Ga. 2002) (Walker, J.). Furthermore, Plaintiff has cited no contractual or statutory language creating a technical trust or even identifying a trust res. As a result, Plaintiff has failed to prove the existence of a fiduciary relationship, which precludes summary judgment in its favor.

Because the facts show no evidence of a fiduciary relationship between Defendant and Plaintiff and because such a relationship is necessary to prove a claim for fiduciary fraud under § 523(a)(4), the Court will deny Plaintiff's motion for summary judgment.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT